IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHNATHAN CLARDY					PLAINTIFF

V.							CIVIL ACTION NO. 3:22-CV-00255-DAS

UNION COUNTY, MS SHERIFF DEPT				DEFENDANT

### ORDER REQUIRING PLAINTIFF TO NAME VALID DEFENDANT WITHIN 21 DAYS

This matter comes before the Court on *pro se* complaint of Plaintiff Johnathan Clardy challenging the conditions of his confinement under 42 U.S.C. § 1983. Plaintiff names only one defendant in this cause: the "Union County, MS Sheriff Dept." The Union County, MS Sheriff Dept, however, is not a proper defendant in a case proceeding under Section 1983.

An entity's capacity to be sued must be determined by reference to the law of the state in which the district occur sits. Fed. R. Civ. P. 17(b). In Mississippi, "sheriffs departments are not political subdivisions within the meaning of the [Mississippi Tort Claims Act]. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006).

Accordingly, the plaintiff is hereby **DIRECTED** to name at least one valid defendant and explain how that defendant participated in the events giving rise to this suit. The deadline for identifying a valid defendant to the Court is twenty-one (21) days from the date of this order. Failure to comply with this order will result in the dismissal of this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with an order of the Court.

**SO ORDERED**, this the 26th day of January, 2023.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**