IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHNATHAN CLARDY                                                                                      PLAINTIFF

V.                                                                               CIVIL ACTION NO. 3:22-CV-00255-DAS

UNION COUNTY, MS SHERIFF DEPT                                                                  DEFENDANT

ORDER DISMISSING CASE WITHOUT PREJUDICE

This matter comes before the Court on *pro se* complaint of Plaintiff Johnathan Clardy challenging the conditions of his confinement under 42 U.S.C. § 1983. Plaintiff names only one defendant in this cause: the "Union County, MS Sheriff Dept." The Union County, MS Sheriff Dept, however, is not a proper defendant in a case proceeding under Section 1983.[1]

Consequently, on January 26, 2023, the Court entered an Order directing the plaintiff to name at least one valid defendant, explain how that defendant participated in the events giving rise to this suit, and to do so within twenty-one (21) days. The Order further warned Plaintiff that his "[f]ailure to comply with this order will result in the dismissal of this case without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with an order of the Court."

Despite this warning, Plaintiff failed to submit the information as directed and the time for doing so has passed. Accordingly, the instant case is hereby **DISMISSED without prejudice** for failure to prosecute and failure to comply with an order of the Court.

**SO ORDERED**, this the 24th day of February, 2023.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] An entity's capacity to be sued must be determined by reference to the law of the state in which the district occur sits. Fed. R. Civ. P. 17(b). In Mississippi, "sheriffs departments are not political subdivisions within the meaning of the [Mississippi Tort Claims Act]. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson*, 927 So.2d 733, 737 (Miss. 2006).